UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MARK CHARLES, ) | |
| ) | CIVIL COMPLAINT |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CASE NO. 2:20-CV-5095 |
| PORTFOLIO RECOVERY ) | |
| ASSOCIATES, LLC, ) | |
| ) | |
| Defendant. ) | **JURY DEMAND** |
| ) | |

## COMPLAINT

Now comes MARK CHARLES ("Plaintiff"), complaining as to PORTFOLIO RECOVERY ASSOCIATES, LLC, ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* and the Ohio Consumer Sales Practices Act ("CSPA") under Ohio Rev. Code Ann. § 1345 *et seq.*

### JURISDICTION AND VENUE

2. This action arises under the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claims occurred within this District.

[ 1 ]

### PARTIES

4. Plaintiff is a natural person residing Lawrence County in the State of Ohio.

5. Defendant is a third-party debt collector with its principal place of business in this Virginia.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principles, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

### BACKGROUND

7. Plaintiff incurred a debt for the rental of electronic equipment.

8. Plaintiff incurred this debt for personal (not business) purposes.

9. After Plaintiff defaulted on this debt, Defendant received the debt and began to collect on it.

10. Defendant began placing numerous calls to Plaintiff sometime in 2019.

11. Plaintiff asked to speak with a supervisor, and Plaintiff told the supervisor that he wanted Defendant to cease all communication.

12. The supervisor agreed that Defendant would stop calling Plaintiff.

13. For a time, Defendant did stop calling Plaintiff.

14. Then, on or about September 14, 2020, Defendant called Plaintiff again in connection with collection on the debt.

15. Plaintiff explained to Defendant's representative that Defendant agreed to stop calling him months ago, and asked why Defendant was calling again.

[ 2 ]

16. Defendant's representative asked if Defendant had called a wrong number.

17. Plaintiff explained that Defendant had not called the wrong number, but that there was a cease-and-desist in place.

18. Plaintiff asked Defendant's representative if Defendant would continue calling.

19. Defendant's representative stated that "if this is your number, the calls will continue."

20. Plaintiff asked, "is there any way to get you to stop calling?"

21. The representative responded that there was no way to prevent the calls.

22. This was false, as 15 U.S.C. 1692c(c) sets forth a way for Plaintiff to have prevented Defendant's calls by notifying Defendant in writing.

23. Defendant continued to call Plaintiff regarding the debt, even after this conversation.

### COUNT I — VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff realleges the paragraphs above as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

26. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA because the principal purpose of its business is the collection of debts, and because it uses the instrumentalities of interstate commerce to do so.

[ 3 ]

27. In the alternative, Defendant is a "debt collector" under § 1692(a)(6) because it regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

28. Defendant's actions violated:

   a. § 1692d(5) because Defendant engaged in conduct, as set forth in this Count, that the natural consequence of which was to harass Plaintiff in connection with the collection of a debt.

   b. § 1692e because Defendant's statement that there was no way to stop the calls was false. Plaintiff had the right under the Fair Debt Collection Practices Act to stop Defendant's calls, and Defendant attempted to mislead Plaintiff with respect to this right.

### COUNT II – VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

29. Plaintiff realleges the above paragraphs as though fully set forth herein.

30. The CSPA, pursuant to R.C. 1345.02(A), states that "[n]o supplier shall commit an unfair or deceptive practice in connection with a consumer transaction."

31. Plaintiff is a "person" as defined by R.C. 1345.01(B).

32. Defendant is a "supplier" as defined by R.C. 1345.01(C).

33. Debt collection is part of a "consumer transaction" as defined by R.C. 1345.01(A).

34. R.C. 1345.09(B) thus grants Plaintiff a private right of action against Defendant for $200 per violation of the CSPA, plus noneconomic damages of up to $5,000 per violation in an amount to be determined at trial, plus attorney fees.

[ 4 ]

35. Defendant committed unfair or deceptive acts or practices in violation of the CSPA, R.C. 1345.02(A), when Defendant engaged in acts and practices in violation of the FDCPA as set forth above.

36. Defendant's actions therefore violated the CSPA, and Plaintiff is entitled to compensation.

WHEREFORE, Plaintiff respectfully requests judgment as follows:

    **a.** Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

    **b.** Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

    **c.** Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

    **d.** Awarding Plaintiff $200 per violation of the CSPA, plus noneconomic damages up to $5,000 per violation in an amount to be determined at trial, plus reasonable attorney fees; and

    **e.** Awarding any other relief as this Honorable Court deems just and appropriate.

**A TRIAL BY JURY IS DEMANDED.**

Dated:  September 28, 2020

By:  s/ Jonathan Hilton

Jonathan Hilton (0095742)
HILTON PARKER LLC
10400 Blacklick-Eastern Rd NW, Suite 110
Pickerington, OH 43147
Tel: (614) 992-2277
Fax: (614) 427-5557
jhilton@hiltonparker.com
*Attorney for Plaintiff*
